UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
TIMOTHY EDISON,

                        Plaintiff,

                -against-

CITY OF NEW YORK; LIEUTENANT ALUTHA CAVINESS; POLICE OFFICER RICHARD SCHEBLEIN; POLICE OFFICER MICHAEL FEDELE, POLICE OFFICER CHRISTOPHER SHARRETT; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                        Defendants.
------------------------------------------------------------------- x

**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

13-CV-7053 (PKC)(VMS)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff TIMOTHY EDISON ("plaintiff" or "Mr. EDISON") is a resident of Kings County in the City and State of New York.

7.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.  Defendant Police Officer RICHARD SCHEBLEIN, at all times relevant herein, is an officer, employee and agent of the NYPD. Defendant SCHEBLEIN is sued in his individual and official capacities.

9.  Defendant Lieutenant ALUTHIA CAVINESS, at all times relevant herein, is an officer, employee and agent of the NYPD. Defendant CAVINESS is sued in his individual and official capacities.

10. Defendant Police Officer MICHAEL FIDELE, at all times relevant herein, is an officer, employee and agent of the NYPD. Defendant FIDELE is sued in his individual and official capacities.

11. Defendant Police Officer Christopher Sharrett, at all times relevant herein, is an officer, employee and agent of the NYPD. Defendant SHARRETT is sued in his individual and official capacities.

12. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15. At approximately 1:00 a.m. on February 29, 2013, plaintiff was lawfully within his residence located at 401 76th Street, Apt. 3D in Brooklyn, NY.

16. Plaintiff and his mother had gotten into a verbal dispute and his mother called 911.

17. Plaintiff was sitting on a chair in his room when several defendants,

including SCHEBLEIN AND CAVINESS, approached him.

18. Plaintiff was cooperative and in no way posed a threat to the officers.

19. Notwithstanding, the officers shocked him with a taser once in the chest and a second time in the stomach.

20. Plaintiff fell to the floor in pain, and the officers proceeded to kick and punch him.

21. While face-down on the floor, the officers shocked him on his side with the taser.

22. Plaintiff screamed for help and medical attention.

23. Eventually an ambulance was called and plaintiff was transported to a hospital for treatment.

24. At the hospital plaintiff awoke with stitches and received a shot.

25. Plaintiff was released directly from the hospital, and his arrest was never formally processed by the New York City Police Department.

26. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

27. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

28. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

29. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause, privilege or consent.

32. As a direct and proximate result of this unlawful conduct, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, humiliated and subjected to handcuffing, and other physical restraints, without probable cause, in addition to the damages hereinbefore alleged.

## SECOND CLAIM
### State Law False Imprisonment and False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

35. Plaintiff was conscious of his confinement.

36. Plaintiff did not consent to his confinement.

37. Plaintiff's confinement was not otherwise privileged.

38. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

39. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### Unreasonable Force

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### State Law Assault and Battery

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

61. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

62. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
### Negligent Hiring/Training/Retention

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

65. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

66. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

67. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

68. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Intentional Infliction of Emotional Distress

69. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

70. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

71. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

72. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

73. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Infliction of Emotional Distress

74. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

75. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

76. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

77. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

78. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Deliberate Indifference to Safety/Medical Needs

79. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

80. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

81. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

82. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure To Intervene

83. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

84. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

85. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

86. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Unlawful Entry and Search

87. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

88. Defendants violated the Fourth and Fourteenth Amendments because they unlawfully entered and search plaintiff's home.

89. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   August 15, 2014
         New York, New York

                                     /s/
                              Robert Marinelli
                              305 Broadway, 9th Floor
                              New York, New York 10007
                              (212) 822-1427
                              robmarinelli@gmail.com

                              *Attorney for plaintiff*